UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Luda Cannon

    Plaintiff,

vs.      Case No.

WELLS FARGO BANK, N.A

    Defendant.

_____

## COMPLAINT

Plaintiff residing at 524 West Main St. Maple Shade, New Jersey Hereby sues the Defendant for Injunctive Relief, attorney's fees, litigation expenses and costs, pursuant to the Americans with Disabilities Act, 42 U.S.C. sec. 12181 et seq. (ADA) and for Injunctive Relief, damages, attorney fees, litigation expenses and costs pursuant to the Americans with Disabilities Act.

**THE ADA'S FUNDAMENTAL EFFECT ON
ACCESS TO PUBLIC ACCOMMODATIONS.**

The ADA mandates fundamental changes in the historical treatment of persons with disabilities and specifically requires that public accommodations include a failure to remove architectural barriers that are structural in nature in existing facilities. . . where such removal is readily achievable, 42

U.S.C. § 12182(b)(c).  Congress enacted the law because of its deep concern with the "alarming degree of non-participation in public life by persons with disabilities.  It found a "sobering picture of an isolated and secluded population" in which the "large majority" of persons with disabilities do not go to public accommodations.  H.R. Rep. No. 101-485(II), 34 (1990), reprinted in 1990 U.S.C.C.A.N. 303, 316.  Predominate among the causes of this social isolation were "architectural barriers" to access. Id. at 385.

> Nanni v. Aberdeen Marketplace. 878F.3d. 447,457 (4th Cir. 2017)  the court  explained the purpose of active enforcement of the ADA. Moreover, under our system, all citizens are obliged to obey the law to aid law enforcement efforts. In various situations, citizens are required by law to report violators to the proper authorities. See,e.g., 18 U.S.C. sec. 4 (requiring citizens to report felony offenses to judges and other authorities.) As Supreme Court acknowledged several years ago, the "enforcement [of civil rights laws] would prove difficult" and our country will be obliged "to rely in part upon private litigation as a means of securing broad compliance." See Newman v. Park Entrers., 390 U.S. 400, 401, (1968). That very principle is also embodied in the ADA. See Dudley, 333 F. 3d at 306-07 (discussing importance of private litigation in achieving broad compliance with ADA.

## First Count

1.     Plaintiff is residing at 524 West Main Street. Maple Shade Burlington County, New Jersey. For, approximately, five

months she resides in Kings Point, Delray Beach, Florida and is a user of Defendants' bank.

2. Defendant's business is public accommodation, a bank located at 7385 West Atlantic Ave., Delray Beach County, Florida. During the current corona virus 19 crisis defendant has done well receiving federal funding work.

3. Venue is properly located in this district, the property, which is the subject of this case, is in Florida. The Defendants' property is located in Palm County and does business within this judicial district.

4. Pursuant to 28 U.S.C. sec 1331 and 28 U.S.C. sec 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. sec 12181 et seq.

5. Plaintiff, Cannon qualifies as an individual with disabilities as defined by the ADA. She has orthopedic and neurological disabilities. Plaintiff ambulates by means of a walker and manual wheelchair and is unable to walk without assistance. She has reduced ability to push and pull because of severe arthritis. She also has a heart disability and is a kidney transplant survivor.

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

Defendant is responsible for complying with the obligations of the ADA.

7. Cannon has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations of this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to ADA discrimination by the Defendant. Ms. Cannon desires to visit the subject public accommodation not only to avail the goods and services available at the property but to assure that this property is in compliance with the ADA, so, that she and others, similarly situated, will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings and services as prohibited by 42 U.S.C. sec' 12182 et seq.

9. The Defendant has discriminated, and is continuing to discriminate against the Plaintiff, in violation of the ADA by failing to, inter _alia_, have accessible facilities.

10. These violations that personally encountered, and which were verified by an ADA expert.

4

11.   The Plaintiff has, on many occasions, enjoyed the banking services of the Defendant. She, also, has visited intentionally as a tester, as well as a patron, to ensure compliance with the ADA pursuant to Houston v. Marod Supermarkets, 733. F. 3d 1323 (11th cir. 2013). As stated, she has been a patron on many occasions, including, May 9, 2020.

12.   Her ability to use the public accommodation was greatly impaired because of physical barriers.

13.   Below mentioned is the following barriers:

14.   **Exterior.**

Exterior routes into the bank, commons and parking.

a. There is no accessible route within the site from parking spaces and accessible parking public streets and sidewalks; public transportation nor within on the property. ADAAG 206.2.1.

b. The public accommodation ADAAG 206, 206.2. Specially, the route provided to the bank's entrances, has physical barriers containing of slopes which are too steep and cross slopes in violation ADAAG 206, 206.2, 401, 402, 403, 404, 405, 406, et al. These barriers impair her use of the defendant' services.

15.   **Bathrooms**

Bathrooms are improperly accessible (doors, grab bars,

5

sink).

16. **Parking.**

There is no proper accessible parking in that the space provided for the disabled is on a slope that exceeds 2%. ADAAG 502.4.

17. **Maintenance.**

   a. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of §28 CFR §36.211.

18. All of the foregoing violations are violations of the 2010 Standards for Accessible Design, as well as the 1991 Standards, as promulgated by the U.S. Department of Justice.

19. The foregoing discriminatory violations described are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the ADA violations. The Plaintiff and all other individuals, similarly situated, have been denied access to, and have been denied the benefits of proper services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the

6

immediate relief provided by the ADA, as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

20. Defendant has discriminated against the individual Plaintiff, by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. sec 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or, otherwise, treated differently than other individuals because of the absence of auxiliary aids and services.

21. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not

be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. sec 12205 and 28 CFR 36.505.

22. Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

23. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

24. Pursuant to 42 U.S.C. ' 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject public accommodation to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

25. The Plaintiff will return and enjoy the services of the on many occasions being close to Kings Point, Houston v. Marod Supermarkets, 733. F. 3d 1323 (11th cir. 2013).

25. The plaintiff assets the right to seek relief under administrative remedies  the law of Florida including damages under the Florida Constitution Art I section 2 and the Florida Civil Rights Act of 1992 760.01. - 60.11.

26. Prior to filing this suit, the undersigned investigated whether the site of Defendant has been sued. It has not been sued.

**WHEREFORE,** plaintiff respectfully requests:

   a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with

9

      Disabilities Act, 42 U.S.C. 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney fees, costs and litigation expenses pursuant to 42 U.S.C. sec 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## Second Count

27.   Plaintiff repeats the allegations of the first count.

28.   Defendant is a recipient of federal financial assistance by virtue of receipt of payments for Veteran loans, mortgages student

etc, as well as other federal financial assistance.

29.     Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, requires that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be denied the benefit of the services, programs, activities, or to otherwise be discriminated against.

30.     Defendant  has discriminated against Plaintiffs by failing to provide access to the disabled  in  violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

31.     Defendants' actions were intentional, with reckless disregard and with deliberate indifference to the rights and needs of the Plaintiffs, herein in that it has been sued in federal courts for access violations in Ala, Calif, Col, Fla, Ga, Minn, Miss, NJ, NM, Nev, Or Texas, Utah as well as state court and is quite aware of its failures to provide access. As a result, Plaintiff been damaged and have suffered injuries and experienced emotional suffering, pain, and anguish.

**WHEREFORE**, Plaintiff request that this Court enter judgment in her favor to declare that Defendants actions and inactions violate the Rehabilitation Act of 1973, and award Plaintiff damages for injuries, emotional suffering, pain and anguish and reasonable attorneys' fees and costs, as well as injunctive relief.

Respectfully submitted,

Dated:  May 28, 2020.          <u>S/ Anthony J. Brady Jr.</u>
                                                           Anthony J. Brady, Jr., Esq.

                                                           604 Banyan Trail,
                                                           P.O. 811362
                                                           Boca Raton, FL 33431
                                                           561 603 6387
                                                           Ladbrady@gmail.com.

                                                           <u>Florida bar number 100366</u>.

                                                           Attorney for Plaintiff